[Civ. No. 8703. Second Appellate District, Division One.—April 4, 1935.]

SLAVIA BAEFF, Respondent, v. KLEIBER MOTOR TRUCK COMPANY (a Corporation) et al., Defendants; LEO LOBAR et al., Appellants.

David D. Stuart for Appellant Lobar.

John M. Hall and Louis Lombardi for Respondent.

YORK, J.—The plaintiff seeks to recover damages for injuries sustained in a collision between the automobile in

which she was riding as a guest of the defendant Lobar and a truck driven by defendant Ramalho, as agent of defendant Correia. Upon trial of the action, the jury brought in a verdict in favor of defendants, whereupon plaintiff made a motion for a new trial, which was granted, and the following order was entered: "Plaintiff's motion for a new trial herein having been heretofore presented, argued and submitted, it is now ordered that said motion for a new trial herein be and the same is hereby granted."

This appeal is taken from the order granting motion for new trial by defendants Lobar, Ramalho and Correia, defendant Lobar alone presenting a brief. In his brief he contends that since insufficiency of the evidence was not specified in the order granting the motion for new trial, that the grounds therefor necessarily were errors of law, and that since there were apparently no errors in the admission of evidence, the only complaint of error known to this appellant is the contention advanced by plaintiff on her motion for new trial, i. e., that the court erred in its instructions to the jury. Respondent concedes that the court granted the motion for new trial because of certain errors occurring at the trial, and that such errors are to be found in certain of the instructions given to the jury.

Instruction No. 10: "You are instructed that in deciding whether defendant Lobar was guilty of gross negligence, you will view the matter as it looked to him before the accident occurred, rather than by reflection and afterthought by yourselves after the accident occurred. As viewed after the occurrence, we can readily see how an accident could have been avoided; but that is not the test. The test is in determining whether Leo Lobar used slight care (which was all that was required of him): Did he do what an ordinarily inattentive and thoughtless person would have done in the same or similar situation?, and if you so find, then your verdict should be for him and against the plaintiff."

Appellants maintain that this instruction, which was requested by, defendant Lobar and given, was correctly given when considered in connection with other instructions. Respondent, on the other hand, maintains that the first two sentences of this instruction are erroneous as limiting the consideration of the jury solely to such evidence as tended

to show what actual knowledge of danger the driver of the automobile had at the time of the accident. Respondent also maintains that this instruction is erroneous in that it lays down an incorrect test concerning the conduct of defendant Lobar. While defendant Lobar owed to his guest only the duty of slight care, "what an ordinarily inattentive and thoughtless person would have done in the same or similar situation", is hardly qualified standing alone, as a definition of slight care, for the reason that very often the acts of an ordinarily inattentive and thoughtless person amount to gross negligence. We believe this instruction was erroneously given, and was not cured by other instructions correctly given.

Instruction No. 39: "It was as much the duty of the plaintiff to avoid the accident as it was the duty of the defendants, and if you believe that the plaintiff could have avoided the accident by the use of ordinary care, and that such failure on her part was a proximate cause of the accident, then your verdict will be for the defendants, A. S. Ramalho and M. P. Correia."

There appears to be no evidence in the record tending to show that the plaintiff, as guest of defendant Lobar, had any control over the car in which she was riding. That part of the instruction declaring that "it was as much the duty of plaintiff to avoid the accident as it was the duty of defendants" may have led the jury to the conclusion that the plaintiff was under the legal duty of watching traffic on the highway and in general taking all those precautions which the person actually operating the vehicle was legally bound to observe.

The order granting motion for a new trial is affirmed.

Conrey, P. J., and Houser, J., concurred.